UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILL LOCKRIDGE d/b/a LOA OUTDOOR
ADVERTISING d/b/a LOCKRIDGE
OUTDOOR ADVERTISING AGENCY,

        Plaintiff,

vs.                                  Case No. 8:03-CV-1246-T-27EAJ

CITY OF OLDSMAR, FLORIDA,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 74), Plaintiff's objections to factual findings of Report and Recommendation (Dkt. 87) and Defendant's Objections to Report and Recommendation (Dkt. 85).

The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). Upon consideration, and after a review of the transcript of the evidentiary hearing conducted before the Magistrate Judge, this Court accepts and adopts, except as noted herein, the Report and Recommendation of the Magistrate Judge.

*Plaintiff's Objections*

Plaintiff's initial objection to the Report and Recommendation(hereinafter "R&R") is that the eighth finding of fact, that the City "had absolutely no intention of enforcing its former ordinance, "grossly overstates what the record reflects on this issue." This objection is overruled. The Magistrate Judge's finding of fact in this regard is supported by the testimony of record and is

not clearly erroneous. City Manager Haddick and Scoville, the City Director of the Department of Community Development, both confirmed that there was no intention to enforce the old ordinance. These witnesses represented the city in their respective capacities. The Magistrate Judge could reasonably rely on their testimony in concluding that there was no reason to conclude that the City would enforce the old ordinance. The Magistrate Judge's emphatic finding is merely descriptive of the apparently convincing testimony of Haddick and Scoville and a reasonable inference drawn therefrom, or the obviousness of that finding, given the length of the new ordinance and the deliberative process necessarily involved in the drafting and passage of a comprehensive sign ordinance.

As to Plaintiff's objection to the R&R's ninth finding of fact that Scoville "began working to update the former ordinance in January 2003", that objection is sustained in part but otherwise overruled. Notwithstanding, Plaintiff's contention that "the record should accurately reflect that Mr. Scoville testified he merely began considering the **possibility** of 'updating' the sign ordinance around April of 2003" would be an inaccurate description of his testimony.

Scoville testified that he began working for the city in "early January 2003" and one of his assignments "was to review the codes and become familiar with the codes." He testified that "[w]hen I began looking at the sign regulations, I determined that there were things in it that needed to be updated. But when I actually began the work, I believe it was in April of that year." (Tr. at 151-152). Later in his testimony, Scoville confirmed that he started work in January of 2003 and "a couple of months later", "got around to reviewing the sign regulations. . ."(Tr. 155). Accordingly, Plaintiff's objection to the ninth finding, in this respect only, must be sustained. Likewise, footnote 14 of the R&R, to the extent that it references January 2003 as the date Scoville began working on updating the sign ordinance, is corrected, consistent with Scoville's testimony.

As to Plaintiff's fourth objection, directed to the Magistrate Judge's finding that the sign ordinance was enacted "in good faith, and only after much deliberation", Plaintiff's objection is overruled. This finding is supported by the evidence and is not clearly erroneous. Notwithstanding the factual error as to when Scoville's work on the new sign ordinance actually began, it is undisputed that Scoville actually began working on updating the old sign ordinance in April 2003, at least a month before Plaintiff filed the permit applications, as he had been instructed to do when he commenced his employment with the City in January 2003. Although adoption of the new ordinance occurred a year later, work had commenced before Plaintiff filed the applications and at least two months before suit was filed. The Magistrate Judge could correctly find, therefore, that Scoville's work on the new ordinance began "well before the filing of Plaintiff's sign applications, and this resulting lawsuit"(Dkt. 74, n. 14 at p. 14). The Magistrate's description of the lengthy ordinance and the deliberative legislative process which necessarily took place is a reasonable inference to have been drawn and likewise is not clearly erroneous.

### Defendant's Objections [1] [2]

As to Defendant's objection to the Magistrate Judge's finding that Plaintiff submitted the

---

[1] Most of Defendant's factual objections, although technically correct, are not material to whether the R&R is adopted or rejected. Those factual errors should be corrected, however.

For example, Defendant correctly points out that Plaintiff cannot accurately be characterized as being in the business of "buying" land. Defendant acknowledges that the Magistrate Judge correctly described Plaintiff as a business which *leases* land upon which to post outdoor advertising signs. Likewise, Defendant is correct that the City of Oldsmar is more accurately described as a Florida municipality, rather than "a political subdivision of the State of Florida".

The typographical error referencing Dkt. 32 in the second paragraph of footnote 6 of the R&R is corrected to read "Dkt. 33."

Defendant correctly points out that the Magistrate Judge's reference to the effective date of the City's sign ordinance as "July 15, 2004" should be "June 15, 2004."

[2] Any factual objections not expressly addressed are overruled.

sign permit applications on "May 16, 2003", Defendant correctly points out that Community Development Director Scoville testified that he received the applications on May 29, 2003. (Transcript at p. 140). Accordingly, Defendant's objection is sustained.

The latest date on which Plaintiff's permit applications could have been submitted was May 29, 2003, consistent with the date stamp and Scoville's testimony. Since the permit application packages contained six surveys dated as late as May 23, 2003, that would have been the earliest date that the permit application packages could have been submitted.[3] In sum, the record reflects that in late May 2003, Plaintiff submitted nine applications for permits to erect commercial outdoor advertising signs at nine locations within the City of Oldsmar.

## Conclusion

As corrected, the Magistrate Judge's R&R is adopted. Plaintiff's Motion for a Preliminary Injunction is DENIED. Plaintiff has not shown a substantial likelihood of success on the merits, given the enactment of the new sign ordinance by the City and there being "no indication that the City intends to enforce or re-enact the former ordinance." (Dkt. 74, at p. 18). Where, as here, the new sign ordinance is a result of planned, deliberate action on the part of the City, initiated before Plaintiff's suit was filed, the evidence supports the Magistrate Judge's conclusion that enactment of the ordinance was in good faith.

Generally, voluntary cessation of allegedly illegal conduct will not deprive the Court of jurisdiction based on mootness. Where, however, as here, a governmental entity essentially voluntarily ceases illegal conduct by effectively repealing a constitutionally challenged ordinance and replaces it, a presumption arises that the governmental entity is "unlikely to resume illegal

---

[3] Defendant correctly points out that Plaintiff submitted nine applications, rather than eight as the Magistrate Judge found. This objection is *de minimus,* however, since one of the nine applications was a copy of another application for the same parcel or address, as Defendant acknowledges.

activities." *Coral Springs Street Systems, Inc. v. City of Sunrise*, 371 F. 3d 1320, 1329 (11th Cir. 2004). Moreover, a challenge to the constitutionality of a statute is generally mooted by repeal of the statute. *Id.* Significantly, the Eleventh Circuit, relying on decisions of the United States Supreme Court, acknowledges that "repeal of or amendment to challenged legislation render[s] moot a plaintiff's request for injunctive relief." *Id.*

Here, there is no substantial likelihood that the former sign ordinance would be re-enacted or enforced by the City, as the Magistrate Judge found. Her findings were logical, reasonable and based on the testimony before her. The Magistrate Judge's recommendation that the Plaintiff's motion for preliminary injunctive relief be denied is accordingly accepted and adopted. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Preliminary Injunction (Dkt. 18) is DENIED.

2. Plaintiff's Motion to Strike Portions of Defendant's Response in Opposition to Plaintiff's Motion for Preliminary or Permanent Injunction and Supporting Exhibits (Dkt. 38) is DENIED.

3. Defendant's Motion to Strike Argument Contained in Plaintiff's Second Notice of Supplemental Authority (Dkt. 59) is DENIED.

**DONE AND ORDERED** in chambers this 25th day of April, 2005.

JAMES D. WHITTEMORE
United States District Judge

cc: Counsel of Record
    Magistrate Judge